Chandler v. Fleeman et al.

———•———

SHADRACH CHANDLER, Appellant, v. HEZEKIAH FLEEMAN et al., Respondents.

1. *Fraud, proof touching.*—Fraudulent acts need not be proved by positive testimony, but there should be a chain of circumstances such as would reasonably satisfy the mind of their commission.
2. *Evidence — Opposite party — Impeachment.*—When one has made the opposite party his witness he cannot afterwards impeach his credibility.

*Appeal from Cedar Circuit Court.*

*J. P. Tracy*, for respondents.

The testimony does not disclose a fraudulent intent. (12 Mo. 169.) Debtors may give preference to creditors. (45 Mo. 431.) A *bona fide* purchaser for a valuable consideration is protected, although he purchase from a fraudulent grantor. (16 Mo. 594.)

When the facts are submitted to the court, the judgment will not be reversed and new trial ordered upon exceptions taken to the weight of testimony (1 Mo. 444); or unless it is clearly against the weight of evidence (4 Mo. 518; 6 Mo. 250); or unless the record shows that the court below was called upon to decide some questions of law, and that its decision was wrong (9 Mo. 48, 375; 10 Mo. 570); or unless exceptions are taken before verdict (9 Mo. 288); or unless declarations of law are asked or given (27 Mo. 161). There is no error in the finding of the Circuit Court, and the judgment should be affirmed.

*E. F. Buller*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

We see no sufficient reason for disturbing the judgment in this case. The allegation was fraud, and the evidence failed to sustain it. Fraudulent acts need not be proved by positive testimony, but there should be a chain of circumstances such as would reasonably satisfy the mind of their commission. The suit was brought by the plaintiff, who purchased the land at a sale under execution, for the purpose of setting aside a conveyance as fraudulent, made by the defendant Hezekiah Fleeman to his two sons, who are also made defendants. The conveyance of the lands was made many years prior to the execution sale. The whole case turns on the evidence. Upon the trial the plaintiff introduced the defendants as witnesses in his behalf, and relied on their evidence principally to impeach the conveyance. Their answer denied all fraud or unfairness, and their testimony was positive as to the honesty and good faith of the entire transaction. The other two witnesses introduced really knew nothing about the case. Their testimony was unimportant, and not sufficient to overturn or impair the force of the two first witnesses, who were fully cognizant of all the facts. Again, as the plaintiff made the adverse parties his witnesses, he cannot now be allowed to impeach their credibility, though it is proper to remark that no effort is made to assail them. Were their evidence contradictory, or did it show prevarication or falsehood, we might still place the proper estimate upon it. But such does not appear to be the fact, and no reason is shown to doubt its truthfulness. The farm seems to have been sold for about its value at that time, the consideration has been fully paid, and the proof is not sufficient to show that the parties contemplated the defrauding or delaying the grantor's creditors.

The judgment should be affirmed. The other judges concur.