PHIL. POLACK ET AL., Respondents, v. CHARLES E. HANNAUER, Appellant.

St. Louis Court of Appeals, May 17, 1887.

PRACTICE, APPELLATE—FAILURE OF PROOF.—A judgment, in favor of a person upon whom rests the burden of proof, will be reversed, on appeal, and the cause remanded, or dismissed, where all his evidence fails to show a legal right of recovery.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed and remanded.*

B. SCHNURMACHER, for the appellant.

ROWE & MORRIS, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This action was brought before a justice of the peace, on a merchant's account. On trial anew, in the circuit court, the judge, sitting as a jury, gave a verdict

and judgment in favor of the plaintiffs, from which this appeal is taken.

The record has been examined with care. We take the view that it fails to disclose substantial evidence to support the finding. The goods embraced in the account upon which the action is brought, were certain liquors delivered at a saloon kept at number 301, South Fifth street, in St. Louis, the first item on the twentieth of June, 1884, and the last on the ninth of July, of the same year. There is no direct evidence to establish either of the following facts : (1) That the defendant was the owner of the saloon prior to, or during, the time when these goods were delivered. (2) That he ever authorized the purchase of the goods. (3) That he ever ratified the purchase of them, or agreed to pay for them. (4) That the goods were, in fact, consumed in the saloon.

There was, however, evidence that, prior to the purchase of the goods, the defendant had taken out a United States revenue license to sell retail liquors, at number 301, South Fifth street, in St. Louis ; that Charles P. Keller had procured a state and city license in the defendant's name, to sell liquor at the same place ; that this latter license was hung up in the same room ; that this license was taken out without consulting the defendant ; that the reason for taking it out in his name was, that John C. Gropper, who was, in fact, the owner of the saloon, and who was carrying it on in person, at the time, had some trouble in getting the necessary signatures of the neighbors to a petition for such a license. A policeman, also, testified that he went to the saloon, he thought, in May, 1884, to make inquiries about the license ; that, while he was there, Gropper introduced the defendant to him, as the proprietor ; that the defendant, in the presence of the witness, asked the bar-keeper if he had plenty of glassware, and told him if he had not, to buy what he needed, and gave him other instructions.

One of the plaintiffs testified that Gropper owed

them an old bill of fifty or sixty dollars; that their servant was instructed not to deliver any goods to Gropper, except for cash; that he (witness) went to the saloon, some time before June 20, 1884 (the date of the first item of the bill sued on), and noticed, hanging up there, a United States license, and, also, a state and city license, both in the defendant's name. He knew that Gropper had previously been the owner of the saloon, but saw nothing there to indicate that he was then the owner. He testified: "When I saw these licenses I told the boy that he might leave the goods, even if not paid for. I sold these goods because I saw those licenses." The witness then admitted that he did not know the defendant, at that time; did not even know whether he was of age or a minor, married or single.

Aside from the above, the testimony was uncontradicted to the effect that none of the goods were ordered by the defendant, but that they were all ordered either by Gropper, or by Schultz, who was Gropper's barkeeper. There was no testimony that the defendant had ever authorized Gropper, or Schultz, to purchase these goods, or any other goods, aside from the testimony of the policeman, above mentioned; and, while the testimony shows that the goods were delivered at the saloon kept by Gropper, at number 301, South Fifth street, there was no testimony, in the record, that any of them were consumed in the saloon   The defendant's testimony was positive to the effect that the saloon was owned by Gropper, until his death, in the latter part of July, 1884, which, it will be remembered, was after the date of the last item of the account; that the defendant never bought any of the goods, never authorized any one to buy them for him, never had any interest, whatever, in the saloon, and never knew the plaintiffs until after this action was brought; and strength is added to his testimony by the fact that he was the plaintiffs' witness. *Chandler v. Fleeman*, 50 Mo. 239.

All the testimony in the case showed that the de-

fendant was very seldom in the saloon ; that the saloon was run, during the time of the purchases of these goods, under the sign of " Paragon Headlight Saloon," just as it had been run by Gropper before ; and one of the plaintiffs' witnesses testified that Gropper had continued to own the saloon until his death. And, unless there is something in what has been stated, there was no evidence to the contrary.

The plaintiff can not sustain an action upon a contract, without giving evidence tending to show that the defendant made the contract, either by himself or by his agent, or did, or consented to, or acquiesced in, something from which the law will imply a contract. It is not enough that he may have done something negligently or wrongfully, for the purpose of effecting some collateral purpose, which led the plaintiff, erroneously, to the conclusion that the contract was made in his behalf. It is true that, where a man holds another out as his agent, authorized to make contracts of a given kind for him, this will be evidence from which a jury may infer that the person was, in fact, so authorized. But there was no substantial evidence in this case that the defendant did this. Even if the evidence had been clear and uncontradicted, that the defendant was the owner of this saloon, the mere fact that Gropper and Schultz were in the saloon, acting as his employes, would not be evidence to establish an agency on their part to charge him for supplies furnished to the saloon. If the defendant had been, in fact, the owner of the saloon, and if the goods in question had been delivered at the saloon, received there by his employes, and, in fact, consumed in the saloon in the course of his business, this might be sufficient evidence from which the law would imply an agreement, on his part, to pay for them. The plaintiffs' evidence, taken for the most which it tends to prove, goes no further than to show that the defendant held himself out as the owner of the saloon ; it falls short of showing that the defendant held Grop-

per and Schultz out as his agents, to purchase goods on credit.

With the concurrence of Rombauer, J., the judgment will be reversed and judgment entered here for the defendant. It is so ordered. Lewis, P. J., is absent.

Thompson, J., delivered a supplementary opinion.

A motion is made by the defendant to modify the judgment, so as to remand the cause to the circuit court, instead of entering judgment for the defendant in this court, as previously ordered. We are of opinion, on further consideration, that this motion must prevail. Under the statute, our power, as an appellate court, is limited to awarding a new trial, reversing or affirming the judgment or decision of the circuit court, or to the giving of such judgment as the circuit court ought to have given. Rev. Stat., sect. 3776. The circuit court could not, at the close of the evidence, have entered judgment for the defendant, without first giving the plaintiff an opportunity to dismiss his suit. *Lawrence v. Shreve*, 26 Mo. 492. If, therefore, we are of opinion that the plaintiff has presented no substantial evidence, in a case at law, which entitles him to recover, we are at liberty either to reverse the judgment and dismiss the suit, or to reverse the judgment merely without remanding the cause (*Dunn v. Railroad*, 21 Mo. App. 188), which latter course is tantamount to entering a judgment as of non-suit. What is here said has no application to suits in equity, to actions for divorce, and the like, where we deal with the facts as well as with the law. In such cases we have the power to enter final judgment in this court for the defendant.

In the present case, the order will be, that the judgment of the circuit court be reversed and the cause remanded. Rombauer, J., concurs. Lewis, P. J., is absent.