Imhoff & Co. v. McArthur.

IMHOFF & COMPANY, *Appellant*, v. McARTHUR *et al.*

Division Two, December 6, 1898.

1. **Evidence**: ADVERSE PARTY AS WITNESS: IMPEACHMENT. The rule which precludes a party to a suit from impeaching his own witness, applies with equal force when one party makes his adversary his witness or when he makes the witnesses of his adversary his witnesses. But in no case is the party introducing a witness precluded from showing facts at variance with the testimony of such witness.

2. ———: ———: ———: VOUCHING FOR WITNESS' VERACITY. A party introducing a witness vouches for his veracity, and from that reason he can not impeach his testimony. But having been deceived by him, because he gave a testimony different from what was expected, the party introducing him may prove the facts on which he relies by other witnesses.

3. ———: ———: ———: FRAUD: CASE STATED. An insolvent father mortgaged a lot worth $3,500, to his son, whom he claimed to owe $2,000, and two days later he mortgaged his stock of goods to secure his debts to a number of other creditors, far in excess of the amount realized at the sale. At the trial to set aside the mortgage to the son on the ground that it was made to hinder, delay and defraud his creditors, the father was introduced as a witness by plaintiff. *Held*, that plaintiff was not precluded by the testimony of such witness that he was *bona fide* at the time indebted to his son in the sum of $2,000 for borrowed money and unpaid wages. *Held*, also, that the mortgage to the son was fraudulent and the son was a party thereto.

4. **Fraud**: MORTGAGE IN EXCESS OF DEBT. A mortgage, given by an insol‑ vent person to another for an amount far in excess of the amount due such mortgagee, is void and fraudulent as to other existing creditors of the mortgagor.

*Appeal from Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

REVERSED AND REMANDED (*with directions*).

*Smoot, Mudd & Wagner* and *Frederick Shepherd* for appellant.

(1)  A conveyance which is void, as in fraud of creditors, because fraudulent in part upon a false and pretended debt, will not be sustained to the extent of the adequate and honest consideration paid by the grantee. *Baldwin v. Short*, 125 N. Y. 553. Where a part of the debt secured is fraudulent, the whole mortgage is void. *Boland v. Ross*, 120 Mo. 208; *State ex rel. v. Hope*, 102 Mo. 410; *Clark v. Lee*, 44 N. W. Rep. 260; Wait on Fraud. Conv., sec. 228; *Wallach v. Wylie*, 28 Kan. 138.  (2)  This is the prevailing doctrine and under it George McArthur can not claim even that part of the indebtedness which was honestly due him, if any there was. *Baldwin v. Short*, 125 N. Y. 553; *Kendall v. McDonald*, 15 Mo. 420; *Lehman v. Grenhart*, 7 So. Rep. 299.  (3)  A conveyance by an insolvent, wherein a part of the consideration is fictitious, is a concealment of his property from his creditors and is fraudulent and void as to them. *Ferris v. McQueen*, 94 Mich. 367; *Hansen v. Bean*, 51 Minn. 546; *Lycoming Rubber Co. v. King*, 57 N. W. Rep. 864; *Bldg. & Loan Ass'n v. Barber*, 30 Atl. Rep. 865; *Finke & Nasse v. Pike*, 50 Mo. App. 564; *Simon v. Ash*, 20 S. W. Rep. 719; *Seger v. Thomas*, 18 S. W. Rep. 33; *Showman v. Lee*, 86 Mich. 556; *Valle v. Hyland*, 61 Hun. 625; *Baldwin v. Short*, 125 N. Y. 553; *Brasher v. Jemison*, 75 Tex. 139.  (4)  The question of intent, in a

Imhoff & Co. v. McArthur.

case of alleged fraudulent conveyance of property, is one of fact for the jury to determine and not for the court. *Hedman v. Anderson*, 6 Neb. 392; *Dana v. Scott*, 22 Neb. 154. (5) Upon the undisputed facts the judgment should have been for plaintiff. It had secured its lien and had the right to maintain this proceeding. Sec. 571, R. S. 1889. The right is given to remove cloud on title. *Brownly v. Golden*, 27 Mo. App. 160. (6) The act of the father and son in securing to the son $3,500, when he only owed $2,000, with no explanation, was fraudulent as a matter of law. *Ball v. O'Neel*, 64 Mo. App. 388; *Cole v. Yancey*, 62 Mo. App. 234. (7) The promise of a partner after dissolution will not revive a debt barred by limitation. *VanKurken v. Parmlee*, 2 N. Y. 523; *Huckly v. Patrick*, 3 Johns, 536; *Mayberry v. Willoughby*, 2 Neb. 368.

*R. D. Cramer* for respondents.

(1) Upon the trial of this cause plaintiff introduced the defendants as witnesses in its behalf and relied upon their evidence to establish fraudulent intent, and to impeach the conveyance. Plaintiff in so doing made them its witnesses and will not be permitted to impeach their credibility. *Chandler v. Freeman*, 50 Mo. 239; *Claflin v. Dodson*, 111 Mo. 195; *Dunn v. Dunnaker*, 87 Mo. 597; 1 Greenl. Evid. [13 Ed.], sec. 442; *Ettlinger v. Kahan*, 134 Mo. 492. (2) The fact that property conveyed is largely in excess of the amount due on a debt secured, does not render the conveyance fraudulent, and is not alone sufficient to raise a legal inference of fraud. Bump on Fraud. Conv. [3 Ed.], pp. 44–45. *State to use v. Mason*, 112 Mo. 374; *Ames v. Gilmore*, 59 Mo. 549; 8 Am. and Eng. Ency. of Law, 760; 1 Daniel Neg. Inst. [3 Ed.], sec. 777a–779; *Lininger v. Herron*, 25 N. W. Rep. 578; *McKinney v. Wade*, 43 Mo. App. 152;

*Goldburn v. Robinson*, 80 Mo. 547. (4) If the evidence of the defendants, being the only evidence of the facts in issue, failed to establish fraud, or facts from which fraud might justly be inferred, there was nothing for a jury to act upon, the court was authorized in discharging it. Secs. 2131–2132, R. S. 1889; *Snell v. Harrison*, 83 Mo. 651; *Durkee v. Chambers*, 57 Mo. 575; *Cox v. Cox*, 91 Mo. 71; *Keithley v. Keithley*, 85 Mo. 217; *Bronson v. Wanzer*, 86 Mo. 408; *Bray v. Thatcher*, 28 Mo. 129; *Ettlinger v. Kahn*, 134 Mo. 498. (5) A note of a firm payable to one of its members is valid in the hands of an indorsee, who may sue upon it in his own name; although the indorser could not sue the firm upon it. 1 Daniels on Negot. Insts., sec. 354; *Young v. Chew*, 9 Mo. App. 387; *Pitcher v. Burrows*, 17 Pick. 361; *Walker v. Wait*, 50 Vt. 668; *Hapgood v. Watson*, 65 Mo. 510.

BURGESS, J.—This is an equitable proceeding by plaintiff to set aside a conveyance in the nature of a mortgage upon a lot of ground in Memphis, Scotland county, Missouri.

Briefly stated the facts as disclosed by the record are that for many years prior to June, 1886, the McArthurs resided in said city where H. C. McArthur the husband of Aurelia, and father of George J. McArthur, owned the property involved in this litigation. About that time they moved to Lincoln, Nebraska, where the senior McArthur embarked in the drug business. Thereafter he became indebted to plaintiff, a banking company, in about the sum of $2,000, for which it recovered judgment in Nebraska before the institution of this suit. At the time of executing the mortgage by H. C. McArthur to George J. McArthur, which was on the fourteenth day of May, 1894, H. C. McArthur was insolvent, and on the sixteenth day of May, 1894, two days thereafter he executed mortgages on his

stock of drugs to various parties to secure debts largely
in excess of the proceeds arising from the sale of the
stock of drugs which was thereafter made under the
senior mortgage.

At the time of the execution of the mortgage by
H. C. McArthur to his son, George J. McArthur, he
claims to have been indebted to him in the sum of
$2,000 for money borrowed, and for hire as clerk, which
was then due, and for the purpose of securing its pay-
ment he indorsed and delivered to him a note of $1,000,
dated March 22, 1888, bearing ten per cent per annum,
and executed to him by H. C. McArthur & Son, a firm
composed of H. C. McArthur and his son, W. B. Mc-
Arthur, and another note for $1,000, dated March 22,
1887, payable to Mrs. H. C. McArthur and bearing in-
terest at eight per cent per annum from its date. H. C.
McArthur and son were also the makers of this note,
which by the request of her husband, H. C. McArthur,
was also assigned to George B. on the same day that
the other note was by Mrs. McArthur.

At the time of the assignment of these notes they
were both barred by the statute of limitations of Ne-
braska where the parties lived, but H. C. McArthur
for the purpose of relieving them of this infirmity, on
the day after the assignment paid to the holder $25, on
each one of said notes.

The property embraced in the mortgage is a brick
store house and lot in the city of Memphis, worth
about $3,500.   Soon after the notes were assigned to
George J. McArthur he assigned them to R. D. Cramer
one of the defendants in this suit for collection; suit
was at once brought upon them in the circuit court of
Scotland county, service of process waived by H. C.
McArthur, and on the twentieth day of August, 1894,
judgment rendered against him for the amount of the
notes and interest to wit, $3,158.61, and the mortgaged

property ordered sold.   This judgment was for something over $1,300 more than the debt claimed to be due George J. McArthur by both himself and his father at the time of the assignment of the notes to him, and the execution of the mortgage which was given to secure its payment.

Before the institution of this suit, plaintiff brought suit by attachment on its claim in the circuit court of Scotland county and had the property in question levied upon under the writ of attachment issued in that cause.   The attachment was sustained and final judgment rendered against the property, etc.

Plaintiff prosecutes this suit to set aside the mortgage to George J. McArthur, upon the ground that it was executed by H. C. McArthur to defraud, hinder and delay his creditor, and that the mortgagee George J. McArthur was a party to the fraud.

A jury was impaneled, and the trial of the cause proceeded with, but before it was terminated the court discharged the jury, and having heard the evidence rendered judgment for defendants, dismissing plaintiff's bill, and for costs.

Plaintiff appeals.

The principal witness on the part of plaintiff was the defendant Henry C. McArthur and he having testified to the *bona fides* of the assignment of the notes to his son, and of the execution of mortgage to secure the payment of the $2,000 which he claimed to have owed him at that time, the question is, is plaintiff by making him its witness estopped from showing that transaction to have been fraudulent, if it clearly appears from his testimony, and other evidence adduced, that the transaction was for the purpose and intent of defrauding the creditors of said witness and that defendant participated in the fraud?

The rule which precludes a party to a suit from impeaching his own witness, applies alike to an adverse party to the suit whom he makes his witness, and to his witness who is not a party to the suit. He is no more bound by the statements of one than he is by the statements of the other, as in either case he may show the facts upon which he relies, notwithstanding they be at variance with them as stated by his own witness, otherwise he would be at the mercy of any witness introduced by him who testifies to facts which he did not expect, and in fact not true.

When an adverse party to a suit is made a witness by the opposing party it is not upon the ground that he is a party to the suit that the party whose witness he is, is precluded from impeaching his testimony, either by general evidence showing his bad character for truth, or by evidence of statements made by him on some previous occasion contradictory of his testimony at the trial, but it is upon the ground that he is his witness, and for whose veracity he vouches.

Thus in *Brown v. Wood*, 19 Mo. 475, it was said, "A party can not discredit his own witness, that is he can not introduce evidence whose sole purpose is to discredit his witness; but when he introduces a witness in order to establish a fact, and that witness disappoints him, and fails to prove it, the party is not precluded from proving the fact by another witness, although, in so doing, he may show the first witness guilty of perjury." See, also, *Wallach v. Wylie*, 28 Kan. 138. So that it is perfectly clear that plaintiff is not concluded by the testimony of this witness to the effect that the transactions between himself and son were *bona fide*, but if from his testimony and other facts in evidence it appears that the transfer of the notes, and the execution of the mortgage were fraudulent, and the notes transferred and the mortgage executed for the

purpose of defrauding the creditors of H. C. McArthur and covering up his property so that it could not be subjected to the payment of his debts, and George J. was a party thereto, the mortgage will be set aside; and when the fact that H. C. McArthur was insolvent at the time, that he executed mortgages on his stock of drugs to secure debts owing by him in excess of their value, two days after he executed the mortgage to his son, the relation between the parties, the amount of the indebtedness to his son, and the value of the property upon which the mortgage was executed to secure its payment, there is no escape from the conclusion that the whole transaction was fraudulent, and that George J. was a party thereto.

But if for no other reason, the mortgage must be held fraudulent and void as to plaintiff upon the ground that the mortgage was given and accepted by the mortgagee to secure the payment of about $1,300 in excess of the amount which he must have known was due him at the time of its execution. Under such circumstances the entire mortgage was and is void against creditors. *Boland v. Ross*, 120 Mo. 208; *State ex rel. Robertson v. Hope*, 102 Mo. 410; *Baldwin v. Short*, 125 N. Y. 553; *Wallach v. Wylie, supra.*

There are other questions raised by plaintiff in its brief upon which we do not pass, for the reason that from what has already been said the judgment must be reversed.

We reverse the judgment and remand the cause with directions to the court below to enter up a decree setting aside the mortgage in accordance with the prayer of plaintiff's petition.

GANTT, P. J., and SHERWOOD, J., concur.