246 S.W.2d 742 (1952)
BOYER
v.
GUIDICY MARBLE, TERRAZZO & TILE CO.
No. 42473.
Supreme Court of Missouri, Division No. 1.
March 10, 1952.
*743 Paul M. Patton, St. Louis, and Ennis & Saunders, Festus, for appellant.
Dearing & Matthes, Will B. Dearing and Joseph G. Stewart, Hillsboro, for respondent.
COIL, Commissioner.
Appeal from a final judgment dismissing plaintiff's amended petition which prayed damages of $20,000 for personal injuries.
Plaintiff averred these facts: that defendant owned and operated a rock quarry in Jefferson County, Missouri, near Horine Road, a road to the west of a U. S. highway; that in the operation of the quarry defendant possessed, used, and controlled dynamite caps which were dangerous agencies, *744 a fact known to defendant; that defendant failed to exercise proper care in keeping and maintaining the dynamite caps in that it negligently permitted the caps to lie on the ground in an apparent abandoned and "thrown away" condition at a place near the quarry, which place was open, unguarded, easily accessible to children, and frequented by them; that plaintiff, a boy 17 years of age, and a companion, 13 years of age, found the apparently abandoned and "thrown away" dynamite caps at the place frequented by children; that neither plaintiff nor his companion knew what they had found or that the dynamite caps were dangerous; that each believed the caps had been thrown away and abandoned; that plaintiff took the caps to his home and two days later, during which interval plaintiff's knowledge as to the identity or character of the caps had not changed, stuck a nail into one of them, causing it to explode and seriously injure him.
Defendant contends that the trial court properly dismissed the petition because it fails to state a claim upon which relief can be granted for the reasons that it discloses: (1) that plaintiff was a trespasser to whom defendant owed no duty; (2) that even if there was some duty owed by defendant to plaintiff which was breached by defendant, such breach of duty was not the proximate cause of any injury to plaintiff; and (3) that there is no averment in plaintiff's petition charging defendant with actual or constructive knowledge of the presence of plaintiff.
Plaintiff to the contrary contends that the petition sufficiently charges defendant with negligence in leaving dangerous explosives in a state of abandonment at an open and unguarded place frequented by children; that defendant could reasonably anticipate serious injury would result; and that the removal of the explosive by plaintiff and his subsequent acts were not efficient intervening causes between the alleged negligence and plaintiff's injury.
It is important to be mindful of the fact that we here consider only the question of whether plaintiff's amended petition, when its averments are accorded every reasonable and fair intendment, states a claim which can call for the invocation of the principles of substantive law which may entitle plaintiff to relief. Gerber v. Schutte Inv. Co., 354 Mo. 1246, 1252, 194 S.W.2d 25, 28[4-7]. The record shows that, on motion of defendant, plaintiff's original petition was dismissed with leave to plead further within 20 days. Plaintiff thereafter filed his amended petition. Under these circumstances, it appears that plaintiff probably has had an opportunity to discover all the facts pertaining to his claim and further, the probability is that the specific reasons for defendant's attack upon his original petition were made known to plaintiff prior to the court's first order of dismissal. Thus, if thereafter plaintiff has not stated a claim upon which relief can be granted, it does not appear that substantial justice would not be served by enabling the pleader to avail himself of trial procedure. Gerber v. Schutte Inv. Co., supra.
With the facts of a prior dismissal and the subsequent filing of an amended petition in mind, we are justified in assuming, even though the petition does not affirmatively aver it, that the dynamite caps found by plaintiff were at the time on the property of defendant; and that plaintiff is not mentally subnormal.
We may narrow our further discussion by eliminating now defendant's contention, (3) above, that the petition does not charge defendant with actual or constructive knowledge of the presence of plaintiff. It is obvious from the averments of the petition that plaintiff has used the word "children" therein to describe a class of persons under the age of 21 years, and the averment that the place frequented by children was near the quarry being operated by defendant is sufficient to have charged at least constructive knowledge by defendant of the presence of persons of a class to which plaintiff belonged.
The meritorious questions are: whether, solely from the averments of the petition, we may say as a matter of law that defendant owed plaintiff no duty; and if there *745 was a duty and a breach thereof, whether such breach was a proximate cause of plaintiff's injury.
Plaintiff apparently does not seek recovery on the theory of "attractive nuisance." He may not recover on this theory, as the doctrine of "attractive nuisance" has been applied in this state, because there is no averment which, under the most liberal construction of the petition, may be said to aver that plaintiff was caused to trespass because an inherently dangerous condition or instrumentality attracted him. The fact that the attractive nuisance caused the original trespass is an essential prerequisite to the invocation of the "attractive nuisance" doctrine in Missouri. Holifield v. Wigdor, 361 Mo. 636, 641, 235 S.W.2d 564, 567[3, 4]; State ex rel. W. E. Callahan Const. Co. v. Hughes, 348 Mo. 1209, 1215[1], 159 S.W.2d 251, 254[2]; Hull v. Gillioz, 344 Mo. 1227, 1235, 1236, 130 S.W. 2d 623, 627, 628[1-3] [4, 5] [6].
We have long recognized and applied the principle that the existence of and the extent of a duty of protecting one from danger on private premises is controlled by the status of the person subject to such danger. Thus, we have consistently held that a property owner has no duty to a trespasser or licensee to use reasonable care to keep his land in reasonably safe condition for them and no duty to carry on his activities so as not to endanger them. An exception to this rule, which is usually stated as part of the rule, is that the landowner may not willfully or wantonly injure the trespasser or licensee. Kelly v. Benas, 217 Mo. 1, 9, 116 S.W. 557, 559, 20 L.R.A.,N.S., 903; Ford v. Rock Hill Quarries Co., 341 Mo. 1064, 1070, 111 S.W.2d 173, 175 [2-4]. There are other exceptions to the general rule. Among these are factual situations which call for the application of the "attractive nuisance" doctrine. Hull v. Gillioz, supra. Those situations which call for the duty of lookout on the part of railway employees as to trespassers or licensees using a pathway long and habitually used. Ahnefeld v. Wabash R. Co., 212 Mo. 280, 300, 111 S.W. 95, 99. And fact situations wherein it may be said that some affirmative negligence inflicted injury upon a licensee or trespasser present upon an habitually used pathway. Porchey v. Kelling, 353 Mo. 1034, 1041, 185 S.W.2d 820, 823[5, 6], and cases there cited.
There is another exception to this general rule which is recognized in this state. This, that one who is under the duty to exercise the care in using, maintaining, and handling extremely dangerous explosives which a reasonably careful person would exercise under the same or similar circumstances, owes a duty especially to children and those of immature judgment, irrespective of the fact that the status of the person may be that of trespasser or licensee. In Kansas City ex rel. Barlow v. Robinson, 322 Mo. 1050, 1059, 17 S.W.2d 977, 981[6], 32 S.W.2d 1075, this court en banc held that it was negligence to leave exposed and unguarded in an accessible place, explosives which may be found by trespassing children. In Diehl v. A. P. Green Fire Brick Co., 299 Mo. 641, 655, 253 S.W. 984, 988[2, 3], we recognized that unexploded dynamite caps are "extremely dangerous agencies. They are easily exploded and most deadly in their effect when exploded." It was held there that it was for the jury to say whether a reasonably prudent and careful man would throw away unexploded dynamite caps at a place where children might find them. In Kennedy v. Independent Quarry and Const. Co., 316 Mo. 782, 790, 291 S.W. 475, 477[3], we recognized the general rule that one having highly dangerous explosives in his control must exercise care commensurate with the circumstances. See also: Gerber v. Kansas City, 304 Mo. 157, 174, 263 S.W. 432, 436.
This recognition of a landowner's liability to a trespasser is not an extension of the "attractive nuisance" doctrine. It may involve some of the basic considerations which prompted the "attractive nuisance" doctrine, but it is, nevertheless, a rule independent of the "attractive nuisance" doctrine. Alligator Co. v. Dutton, 8 Cir., 109 F.2d 900, 903[1, 2]; Holifield v. Wigdor, supra.
In some other jurisdictions in which the basic concept of the "attractive nuisance" doctrine differs from ours, in that it is not required that the child's trespass be caused *746 by the "attractive nuisance," the courts have applied their "attractive nuisance" doctrines to highly dangerous explosives. See exhaustive annotation in 10 A.L.R.2d 22, wherein most of the cases involving explosives left in a place accessible to children are collected and analyzed. At pages 35 and 36, the annotator states: "In a large majority of the cases, however, it has been held, without reference to the factor of the child's sense of moral responsibility, that where an owner or occupant stores or uses explosives on his premises, and has actual or constructive notice of the probable presence of children thereon, the rule relating to ordinary trespassers does not apply, and the owner cannot avoid liability for his negligence in respect of the explosives on the ground that the child taking the explosive was a trespasser or bare licensee; but that, on the other hand, in view of the inherently dangerous nature of explosives, and their natural attraction to children, he owes to trespassing children, whose presence he should anticipate, the duty to exercise that degree of care which is commensurate to the danger involved." Cases from many jurisdictions are cited in support, including Kansas City ex rel. Barlow v. Robinson, supra.
As we understand, defendant-respondent does not dispute this rule or object to its application to proper facts, but contends that it can have no application in the instant case where the petition affirmatively discloses that plaintiff is a normal boy 17 years of age. In support of this contention, defendant cites cases of which Kelly v. Benas, supra, and Witte v. Stifel, 126 Mo. 295, 28 S.W. 891, are illustrative. These cases establish the general rule that the age of the trespasser is immaterial, where one proceeds upon the theory of "attractive nuisance," unless the facts disclose the applicability of that doctrine. These cases are inapplicable here because we are dealing with a petition which proceeds, not upon the theory of "attractive nuisance," but upon the exception to the general rule recognized in cases of highly dangerous explosives.
Defendant also cites and relies upon the general discussion of cases from other jurisdictions in Kennedy v. Independent Quarry and Const. Co., supra [316 Mo. 782, 291 S.W. 481]. Many of the cases discussed, both in the Kennedy case and in 10 A.L.R. 2d, supra, are cases wherein the courts were dealing, either directly or by implication, with the "attractive nuisance" doctrine. Be that as it may, the conclusion reached in the Kennedy case is not authority for defendant's contention. The plaintiff in that case failed because of the intervention of the tortious acts of two persons between defendant's alleged negligence and plaintiff's injury. The Kennedy case is authority only for the proposition that where unlawful acts intervene, and the acts are such as not to be reasonably anticipated by defendant "and of a character which made the original negligent act of defendant remote," defendant's negligence is not the proximate cause of an injury. We shall later discuss the Kennedy case in detail. That case, however, does not hold that because the plaintiff there was between 20 and 21 years of age and because the two boys who removed an explosive from defendant's premises were 20 and 18 years old, respectively, plaintiff was barred from recovery. That case does demonstrate that age may be important on the question of foreseeability by a defendant.
The question on this aspect of the instant case is whether we may say as a matter of law that a boy 17 years of age, who finds an abandoned dynamite cap on defendant's premises at a place frequented by children, is of such age that, irrespective of what the evidence may show, he is deprived of the exception to the general rule as to a landowner's liability to trespassers. To so hold would be to fix an arbitrary age limit and say that as a matter of law, one whose age is in excess of such arbitrary limit is not entitled to the benefit of a rule which, under certain circumstances, makes a landowner handling highly dangerous explosives liable to a trespasser who is one of a class of known trespassers on a portion of defendant's land. This, we are unwilling to do. Too many questions are involved in such a conclusion which may not be answered by considering only this petition; too many questions which may be determined only upon an examination *747 of the evidence which may be adduced pursuant to the averments of this petition. Capacity and experience of boys 17 vary too greatly to say that solely because one is 17 and a trespasser, defendant owes him no duty. Such a conclusion would not be consonant with the beneficial effects which should flow from the rule requiring proper care on the part of a handler of extremely dangerous explosives under the particular circumstances of each case. No conclusive presumption should be indulged that one 17 possesses any exact amount of knowledge, capacity or experience, or that he has reached any particular status of maturity as to any given situation or subject. Capacity, knowledge, experience, and discretion appear to be evidentiary circumstances as to which the parties may adduce evidence.
We are also unwilling to hold, solely on the basis of the petition before us, that plaintiff's injuries were not the proximate result of defendant's averred negligence. Chief reliance of defendant for its contention in this regard is again upon Kennedy v. Independent Quarry & Const. Co., supra. In that case, defendant operated a quarry in the City of St. Louis in which there was a pool of water used for swimming by children in the neighborhood. A boy, 18 years of age, went swimming and left his clothes in an open shed close by. While dressing, he found in the shed a closed box which he opened and therein found some dynamite caps and fuses. He removed some and put them in his pocket. Plaintiff, 18 years of age, and another, 20 years of age, swam at the same time as the finder of the caps and fuses, but neither plaintiff nor the other knew that the caps had been found or removed until later. The finder later disclosed those facts to his 20 year old companion but not to plaintiff. By prearrangement, the finder and his 20 year old companion met that evening on a vacant lot where one of them lighted a fuse which began to burn slowly. At that time plaintiff appeared, with no knowledge of what the other two were doing and with no knowledge that one had taken, or that they had in their possession, dynamite caps and fuses. One other than plaintiff put the lighted end of the fuse into the open end of a cap for the avowed purpose of extinquishing the fire. The cap exploded and seriously injured plaintiff.
It was held that under the evidence the question of whether the box of dynamite caps and fuses was in the shed through the agency of the defendant was for the jury; and, inferentially, that under certain circumstances leaving the box of caps and fuses in an open shed would be negligence on the part of defendant even as to trespassers. The case turned, however, upon the proposition that the 18 year old boy who took the caps and fuses fully realized the nature and extent of his actions. His testimony affirmatively showed that in taking the caps and fuses he was not only a trespasser but a conscious wrongdoer. He testified that "he knew when he took the caps and fuse that he was taking something which did not belong to him; that he was not paying for it; and that he had no business with it." And there was other testimony upon which the court found that the acts of the other two participants were known wrongful acts which "intervened between the negligence of the defendant and the plaintiff's injury as independent and efficient causes in producing the injury." See also: Murphy v. City of Rotan, Tex.Civ.App., 139 S.W.2d 134.
The cases of Diehl v. A. P. Green Fire Brick Co., supra, Kansas City ex rel. Barlow v. Robinson, supra, Lottes v. Pessina, Mo.App., 174 S.W.2d 893, and Alligator Co. v. Dutton, supra, support the conclusion that, under the averments of plaintiff's petition in the instant case, proximate cause may be a jury issue, depending, of course, upon what the evidence may show.
In the Diehl case, the children who found unexploded dynamite caps were young, plaintiff being 7 years of age. However, before any injury resulted, they gave the dynamite cap to their mother who examined it and handed it back to the boys; the injury thereafter resulted from probing one of the caps with a stick. It was held that the act of the mother was, at most, concurring negligence and did not break the connection between the causal negligence and the injury.
*748 In the Lottes case, a 12 year old boy removed some fireworks left from a celebration in a public park and took them to his home whereat he performed various experiments in the lighting of powder from the fireworks and was injured. It was held that the removal of the fireworks and the subsequent experimenting did not constitute an intervening independent cause between the negligence in leaving the fireworks at a place where plaintiff would find them and plaintiff's injury.
In the Barlow case some children found dynamite caps and fuses stored in the basement of an unlocked building by a contractor. Plaintiff took the caps to the yard of his home. A boarder, 32 years of age, in attempting to wire an old magneto in order to give the children an electric shock, was looking for some wire when one of the children went to the yard and from there produced the fuses with the dynamite caps affixed. The testimony showed that neither the boarder, the children, nor the mother who was present, knew that dynamite caps were affixed to the wire; none of them had ever seen a dynamite cap before and didn't know what it was. As a result of affixing the fuse to the magneto, the cap exploded, injuring the 6 year old plaintiff. The court held that "The injury to plaintiff could not have resulted without the defendants' original negligence in exposing the caps, and the intervening act of Wilson was, at most, a concurring cause, which failed to break the causal connection of defendants' original negligence with the injury." 17 S.W. 2d loc. cit. 981. See also: Bridges v. Dahl, 6 Cir., 108 F.2d 228; Stewart v. United States, 7 Cir., 186 F.2d 627.
In the instant case, the question as to proximate cause resolves itself into whether we may say as a matter of law, that the act of a 17 year old trespasser in removing from defendant's property an abandoned dynamite cap, the character and identity of which was unknown to the boy, and his probing the cap with a nail, was such an intervening cause as to break the chain of causation between plaintiff's injury and defendant's negligence, if any, in leaving the dynamite cap in a "thrown away" condition in a place frequented by youthful trespassers. We are of the opinion that we should not so rule.
We conclude that the averments of plaintiff's petition do not conclusively demonstrate that substantive principles of law applied to facts which may develop under those averments, may not entitle plaintiff to the relief prayed. In so holding, we conclude that plaintiff's age alone, when not considered in connection with other facts which may be shown in evidence, does not necessarily deprive him of the benefit of the exception to the general rule as to trespassers, in a case where the landowner is under a general duty to use care commensurate with the circumstances in handling extremely dangerous explosives. The duty to keep explosives in such manner as not to injure others requires care commensurate with the risk involved. The status of the injured party does not necessarily control under all circumstances. See: Kingsland v. Erie Co. Agricultural Soc., 298 N.Y. 409, 84 N.E. 2d 38, 10 A.L.R.2d 1, 13.
The judgment dismissing plaintiff's petition is reversed and the case is remanded.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court.
All concur.