**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Appellant,**

v.

**Dr. Paul A. DAVIS et al., on Exceptions of W. M. Benton, Patsy F. Benton, A. W. Landis, Trustee, and State Bank of Willow Springs, Defendants-Respondents.**

**No. 9047.**

Springfield Court of Appeals, Missouri.

March 25, 1971.

Robert L. Hyder, Thomas E. Cheatham, Jefferson City, for plaintiff-appellant.

No appearance for defendants-respondents.

TITUS, Presiding Judge.

In the process of improving U. S. Route 60, plaintiff condemned a part of defendants' property and paid the $3,800 commissioners' award into court for them. Both sides excepted and in accordance with the $4,800 verdict returned March 9, 1970, the Circuit Court of Howell County entered a net judgment for defendants in the sum of $1,000.[1] Plaintiff appealed when its motion for a new trial was denied, and although it has preserved several allegations of trial court error, the disposition we make of this appeal renders it necessary for us to consider only the claim that the court erroneously refused plaintiff the right to impeach the testimony of its witness, defendant Patsy Benton, by proof of prior inconsistent statements.

---

1. The judgment also provided for the payment of six per cent interest on the $1,000 from "the date the commissioners' award was paid into Court." According to § 523.045 RSMo 1969, V.A.M.S., interest should have been calculated "from the date of filing the [commissioners'] report."

Three witnesses for defendants testified that condemnation had damaged the defendants $5,500 to $8,000. One witness for plaintiff asserted there had been no damage and two others opined the damages were $1,400 or $2,000. Our problem here commenced when defendant Patsy Benton was called as a witness for the plaintiff. She equivocally replied to plaintiff's invitations for an opinion as to whether the property had been damaged or benefited by the taking and new highway construction. Her most expressive response was a "guess" that the property had been damaged. When plaintiff's counsel asked Patsy if she had previously stated that in her "opinion the property had been benefited by this road," defendants' objections thereto were sustained because the attorney is "trying to impeach his own witness." The court also "denied" plaintiff's offer to prove by the testimony of Patsy, inquiring counsel and another that the witness on three previous occasions had stated "it was her opinion that the property had a higher market value immediately after the taking than before the taking and the new accessibility of the highway would more than offset any disadvantage of damages sustained."

■ As a general rule, any in or out of court statements of a witness, whether written or oral, which are inconsistent with his testimony should be admitted to discredit or impeach him [Neavill v. Klemp, Mo., 427 S.W.2d 446, 448(6,7); Boulch v. John B. Gutmann Construction Company, Mo.App., 366 S.W.2d 21, 37(19)], but until June 9, 1969, Missouri courts unfalteringly followed obiter in Chandler v. Fleeman, 50 Mo. 239, 240(2), that "as the plaintiff made the adverse parties his witnesses, he cannot be allowed to impeach their credibility," and this in spite of § 491.-030 RSMo 1969, V.A.M.S., which provides: "Any party to any civil action or proceeding may compel any adverse party * * * to testify as a witness in his behalf, in the same manner and subject to the same rules as other witnesses; provided, that the party so called to testify may be examined by the opposite party, under the rules applicable to the cross-examination of witnesses." On the last mentioned date our Supreme Court said: "Section 491.030, supra, gives a party the right to compel an adverse party to testify. If this statute is to be given any practical effect, the introducing party should be permitted to call an adverse party as a witness without assuming the risk that the adverse party will testify contrary to prior statements. The rule stated in Chandler v. Fleeman, supra, should no longer be followed in situations involving the use of prior statements which contradict testimony given by the adverse party at trial." Wells v. Goforth, Mo. (banc), 443 S.W.2d 155, 160(7). It seems obvious the trial court was not aware of this latest pronouncement, otherwise it would not have erred by blocking plaintiff's efforts to impeach Patsy's testimony with her prior inconsistent statements.

■ As it is with most eminent domain proceedings, the paramount issue in this case concerned the amount, if any, of defendants' damages. Defendant Patsy Benton's prior inconsistent expressions related specifically to that issue and when the trial court prevented her impeachment through the use of such statements, it committed error "against the appellant, materially affecting the merits of the action." Civil Rule 83.13(b) V.A.M.R.; Subsec. 2, § 512.-160 RSMo 1969, V.A.M.S. Therefore, the judgment nisi is reversed and the cause is remanded to the Circuit Court of Howell County for a new trial.

STONE and HOGAN, JJ., concur.