Mary Katherine KASAL,
Plaintiff/Appellant,

v.

Joni FREIHAUT, Defendant/Respondent.

No. 62174.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 20, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1993.

Application to Transfer Denied
Sept. 28, 1993.

John L. Doskocil, Christopher Doskocil, St. Louis, for plaintiff/appellant.

Sam P. Rynearson, Martin J. Buckley, St. Louis, for defendant/respondent.

CARL R. GAERTNER, Judge.

Plaintiff appeals from the trial court's order granting defendant's motion for judgment notwithstanding the verdict, (j.n.o.v.). Plaintiff claims the order was improper because she made a submissible case. Plaintiff sued defendant for injuries she sustained while using a swingset on defendant's property. The swingset was unanchored at the time and tipped over while plaintiff and another person were swinging. We affirm the trial court's order.

Defendant invited plaintiff and several others into her home on July 12, 1986, the day of the accident. Plaintiff at some point went outside to the backyard and began swinging. She was joined a short time later by another guest. The swingset tipped over as the two swung together and plaintiff sustained a fractured pelvis. Defendant purchased the property in 1982 with the swingset already in place. When defendant had a pool built in 1985 she had the swingset moved. The pool contractor testified that he needed a heavy piece of machinery to dig up the swingset because it was anchored with an "ungodly" amount of concrete. He also testified that he placed the swingset in defendant's yard on all fours with the concrete still attached to the legs. The day of the accident there was no concrete attached to the legs of the swingset as it sat unanchored in defendant's yard. Neither the contractor nor the defendant could recall who removed the concrete from the swingset. The swingset at issue was a heavy duty set typical of the swingsets found in playgrounds or school yards.

The jury returned a plaintiff's verdict and awarded plaintiff $60,000 in damages. The jury assessed plaintiff with 50% of the fault and the award was reduced to $30,000. Defendant filed a motion for j.n.o.v. claiming that plaintiff had not made a submissible case. The trial court granted the motion and this appeal followed.

■ Our standard of review is well established. We consider only the evidence and inferences supportive of the verdict and disregard defendant's evidence except as it may support the verdict. *Sanders Co. Plumbing v. City of Independence,* 694 S.W.2d 841, 843 (Mo.App.1985). The rationale underlying this standard of review is that a j.n.o.v. is a drastic remedy and we should affirm only if there is no room for reasonable minds to differ. *Goodenough v. Deaconess Hospital,* 637 S.W.2d 123, 125 (Mo.App.1982).

Neither party contests that plaintiff was a social guest and therefore a licensee. *Wells v. Goforth,* 443 S.W.2d 155 (Mo. banc 1969), sets out the duty a possessor of land owes to a licensee. In *Wells,* the Missouri Supreme Court adopted the Restatement, Law of Torts, First, § 342 (1934) which states:

"A possessor of land is subject to liability for bodily injury caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he

(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

(b) invites or permits them to enter or remain upon the land, without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to warn them of the condition and the risk involved therein."

■ It is particularly noteworthy that the *Wells* court expressly rejected the concept expressed in 2 Restatement, Law of Torts, Second § 342 (1965), which provided for landowner liability to a licensee if the landowner "has reason to know of the condition and should realize it involves an unreasonable risk of harm to such licensees." Thus, the Supreme Court of Missouri firmly and unequivocally adopted the rule that landowner liability to a gratuitous licensee is predicated upon proof of the landowner's *actual* knowledge of the existence of a dangerous condition and *actual* realization of the risk to which such licensees are exposed. Evidence tending to show that a landowner *should* have known of the danger and *should* have realized the risk does not establish the existence of a duty to a gratuitous licensee. *Davis v. Jackson,* 604 S.W.2d 610, 612 (Mo. App.1980). Although evidence of constructive knowledge of the danger may make a submissible case for an injured business invitee, "[t]he duty owed licensees and business visitors is different." *Wells,* 443 S.W.2d at 159.

■ Plaintiff argues that because there was concrete on the legs of the swingset when moved by the pool contractor but not at the time of the accident, the reasonable inference is that defendant should have known the concrete had been removed. Because we view the evidence in the light most favorable to the verdict of the jury, we overlook defendant's testimony that she was out of town during the pool construction and was unaware of any concrete on the swingset legs. Nevertheless, even granting the possible inference that defendant should have known the swingset was unanchored, plaintiff's evidence still falls short of meeting the requirements of *Wells.* The exact argument made here by plaintiff, that defendant "should have known" of the unanchored condition of the swingset, was expressly rejected by the *Wells* court. *Id.* at 159.

Moreover, even assuming defendant's knowledge that the swingset was unanchored, the record is devoid of any evidence or inference that defendant knew such condition involved an unreasonable risk. There is no testimony that the unanchored swingset was unstable, wobbled, tipped, or that anyone had ever been injured on the swing before. Indeed, plaintiff's own testimony established that nothing indicated any problem until two fully grown adults, swinging in unison, produced a centrifugal force sufficient to pull the swingset over with no prior indication of instability.

**26**

In *Brown v. Lesh,* 604 S.W.2d 636 (Mo. App.1980), this court held that evidence of a defendant's knowledge that the chains on a swingset were rusted was insufficient to establish that defendant's actual knowledge of the existence of an unreasonable risk. So too here, the inference that defendant should have known that the swingset was unanchored does not prove defendant's actual knowledge that it posed an unreasonable risk.

The judgment of the trial court is affirmed.

CRANE and CRAHAN, JJ., concur.