WILLIAM L. GERBER, JR., v. SCHUTTE INVESTMENT COMPANY, a Corporation, and VERBURY, INCORPORATED, a Corporation, Appellants.—No. 39541.—194 S. W. (2d) 25.

Division One, April 8, 1946.

Rehearing Denied, April 30, 1946.

*Richard H. Beeson* and *David P. Dabbs* for appellant Schutte Investment Company; *W. B. Brewster* for appellant Verbury, Incorporated.

*Clarence C. Chilcott* for respondent.

1248

VAN OSDOL, C.—Plaintiff by his amended petition sought to recover $25,000 damages for personal injuries. On motion of defendant (a lessor), and a third-party defendant (a lessee who had undertaken to protect the lessor from liability), the petition was dismissed with prejudice and judgment rendered against plaintiff. But the trial court granted a new trial, and defendant and third-party defendant have appealed.

The grounds assigned by the trial court for sustaining the motion for a new trial are,

"1. Because the court erred in holding that plaintiff's petition was insufficient to state a cause of action.

"2. Because the court erred in holding that plaintiff's petition showed he was guilty of contributory negligence as a matter of law."

The allegations of the petition in such parts as are necessary for review herein are as follows,

"1. Comes now . . . plaintiff and for his cause of action against the above named defendant alleges that said defendant . . . owns and operates a building at 1209-1211 Grand Avenue, sometimes known as the Schutte Building, and operates therein an elevator which serves the tenants thereof.

"2. Plaintiff further alleges that under and by virtue of the Laws and Ordinances of Kansas City, Jackson County, Missouri, to-wit, Subsection (b), Section 4 of Article 44, it is made and provided as follows:

" ' (b) Every door opening in passenger elevator ▉ hatchways shall be equipped with self-closing doors, and the doors shall be equipped with approved electric, mechanical or electro-mechanical interlocks designed to prevent the operation of the car until the doors are closed.'

"3. Plaintiff further alleges that on or about the fifth day of October, 1938, he operated said elevator in said building to the street entrance or first floor of said building and left it with the door open for a few minutes; that during said period of time, without said door of said elevator being closed, said elevator moved and left the position in which plaintiff had stopped it, and that when plaintiff attempted to board said elevator at said first floor he stepped into the elevator shaft and was caused to fall and be precipitated to the basement floor many feet below, as a direct result of all of which he was greatly bruised, . . .

"4. Plaintiff further alleges that all of his said injuries and disabilities were directly and wholly caused and brought about by the negligent, careless and unlawful acts and omissions of the defendant, all to the damage of plaintiff . . .

"WHEREFORE, plaintiff prays judgment against the defendant for the sum of . . . ''

Defendants (appellants) contend, (1) the petition is insufficient as a statement of facts upon which relief could be granted, because (a) no facts are alleged showing the subsection of the alleged ordinance was applicable to the elevator in question, (b) no facts are alleged showing a violation of the ordinance, (c) no facts are alleged showing causal connection between the assumed violation of the ordinance and plaintiff's injury, and (d) no facts are alleged showing a duty of defendant to protect plaintiff; and (2) under the allegations in the petition plaintiff was guilty of contributory negligence as a matter of law in walking into the open elevator shaft without exercising ordinary care in looking to see that the elevator car was at the floor level.

Although the petition was filed and amended prior to the effective date, January 1, 1945, of the Civil Code of Missouri, Laws of Missouri 1943, p. 353 et seq., the action was pending and the trial court's order in sustaining the motion to dismiss was made after the effective date of the Code. It may here also be noted that when the motion to dismiss was sustained, a motion had long been pending (and undisposed of) to require the plaintiff to make the petition more definite and certain by alleging with particularity what negligent and unlawful acts and omissions of defendant caused the injury.

▉ The Civil Code of Missouri, supra (Section 35), provides that each averment of a pleading shall be simple, concise and direct; (Section 36) that a pleading which sets forth a claim for relief shall con-

tain a short and plain statement of the facts showing that the pleader is entitled to relief; and (Section 62) that an objection of failure to state a claim upon which relief may be granted may be raised by motion, when the ground for such an objection appears on the face of the pleading. And see Section 63, providing for a motion for a more definite statement of facts or for a bill of particulars of any matter not averred with sufficient definiteness or particularity to enable the adverse person to properly plead or to prepare generally for trial; Section 57, providing that all pleadings shall be so construed as to do substantial justice; Section 81, providing that leave to amend a pleading shall be freely given where justice so requires; Sections 85 to 89, broadly implementing an examination and discovery of facts; Section 84, authorizing the trial court in its discretion to direct counsel to appear for a pretrial conference. These and other sections of the Code signalize a comparatively new, various and more intensified approach to the accomplishment of the ultimate aim of all civil procedure than had been used under the (now repealed) provisions of the Civil Code of 1849.

We must appreciate and endeavor to effectively use the various means provided for attaining the objectives of the Civil Code of Missouri. It has been appropriately said that the primary objectives of the Code are to simplify legal procedure; to expedite trials and appellate reviews; and to lessen the expense of litigation—all to the end *that substantial justice will be done between parties litigant.* The number of cases that were formerly disposed of on technicalities is to be reduced; the *merits* of a case are to be passed upon and reviewed. By the speeding up of trials and review, and by the lessening of expense of litigation, bench and bar will more nearly and more efficiently fulfill their high responsibilities, and a more extensive use of the judicial process will be enjoyed by the people. The Modernized Civil Code of Missouri, Hon. Charles L. Carr, 9 M. L. R. 1, at page 2; see now Section 2 of the Code, "It ▮ (the Code) shall be construed to secure the just, speedy, and inexpensive determination of every action." Unquestionably, there has been some improvement in recent years in the practical operation of the Civil Code of 1849 by reason of an increasing tendency of appellate courts to give a liberal rather than a technical construction to procedural statutes in their efforts to determine cases on the merits. Nevertheless, the old Code provisions continued some common law methods of pleading which made it possible to conceal issues and spring surprises at the trial. The basic principle of the new Code provisions is just the opposite. The aim is to determine what are the controversial issues before the trial begins, and limit the trial to them. General Principles, The Civil Code Act of 1943, Hon. Laurance M. Hyde and Hon. James M. Douglas, 14 M. B. J. 315. And see Address of Hon. Laurance M. Hyde

at the final annual, 1944, meeting of the Missouri Bar Association at St. Louis, 15 M. B. J. 166, at page 167. From these observations, and from the sections of the Civil Code of Missouri some of which we have mentioned supra, it is realized that whatever necessary procedural means provided by the Code should be used to determine what the controversial issues are before the trial—all to the end that "substantial justice will be done between parties litigant." But the pleadings continue to be of the greatest utility in defining the issues of a case. And it is not to be understood that the petition in stating plaintiff's claim has lost its usefulness as *a* means of arriving at the primary objectives of the Code. On the contrary, it is to be understood that the petition is to be of the same usefulness as before, or of more usefulness than before, in plainly stating the facts upon which the plaintiff relies as showing that he is entitled to recover. It would not be helpful to the cause of substantial justice to ignore or abandon what learning and experience have found to be a plain statement of the facts of a claim, or of a defense. [It has been noticed that the controversial term "cause of action" is nowhere used in the Civil Code of Missouri. No practical difference is seen between the new "claim for relief" and the old "cause of action." See Pleading Provisions of the 1943 Civil Code Act, Hon. Laurance M. Hyde and Hon. James M. Douglas, 15 M. B. J. 71, at page 72; and Address of Hon. Paul V. Barnett, Printed Transcript of Institute on Code of Civil Procedure, Auspices of The Bar Association of St. Louis, page 20. Further, note the difference between the required "short and plain statement of the facts" of Section 36, Civil Code of Missouri, supra, and a "short and plain statement of the claim," as required by Rule 8 (a) of the Federal Rules of Civil Procedure. 28 U. S. C. A. foll. sec. 723c, p. 401.] But it is further to be understood that technicalities in pleadings are not longer to be used to conceal issues and to ambush the adverse party, thereby depriving him of a just adjudication of his case on the merits.

By a pleader's plain statement of the facts, the trial court and the adverse party may see what principles of substantive law are applicable to the facts so plainly stated, and the adverse party may at once be enabled to ascertain from the plain statement of facts what the determinative facts are which he may believe himself to be able to controvert, or to confess and avoid—thus (by the aid of the pleadings alone) are some or all of the controversial trial issues isolated, the trial expedited, and the expense of the trial lessened. Counsel for plaintiff has a responsibility in the furtherance of the purposes of the Code, and will be doing great service in so plainly stating the facts, if possible, that it will be unnecessary for defendant (in order to prepare responsive pleadings or to prepare generally for trial) to move for further amplification.

■ Examining plaintiff's petition in the instant case—it is apparent that the pleading, as a short and "plain" statement of facts, is not all that could be desired. For example, if by intendment it can be implied that plaintiff relied upon the violation of the requirement of the alleged ordinance relating to the safety self-closing equipment of elevator hatchway doors, why did not plaintiff plainly state that the doors were not so equipped and the failure to so equip the doors was the omission causing plaintiff's injury? (Of course, if facts are plainly stated which invoke the application of the res ipsa loquitur rules, no statement of specific acts of negligence of defendant would be essential.) Doubtless had plaintiff made a plain statement of the facts, he and defendant and the trial court would have long since determined and resolved whatever controversial issues are in the case.

■ But, as stated supra, the trial court granted the new trial upon an assigned ground of error in holding that "plaintiff's petition was insufficient to state a cause of action," or now to be more properly assigned as error in holding that plaintiff's ■ petition "failed to state a claim upon which relief can be granted." Ignoring the imperfections and uncertainties of the petition and according its allegations with every reasonable and fair intendment, it is not to be said that the facts stated would not invoke the application of principles of substantive law which would entitle plaintiff to the relief he seeks. And, as has been observed, the disposition of cases *on the merits* is desired. But, assuming a pleader cannot state a claim (or legal defense) after he has had opportunity to discover the actual facts and amend, substantial justice would not be served by permitting the pleader to nevertheless avail himself of trial procedure. However, the purpose and intent of the Code would not be consummated by sustaining a motion to dismiss with prejudice (or by the rendition of judgment for plaintiff on the ground that defendant had failed to state a legal defense) where the pleader has not been allowed reasonable time or opportunity to amend, or to avail himself of the other procedure provided by the Code, if necessary, for ascertaining actual facts which would enable him to amend and state a claim or defense. The procedural action, provided by the Code, which is taken or allowed in the furtherance of the Code's primary objectives, and the reasonableness of time or opportunity allowed a pleader to avail himself of the Code's procedure are peculiarly within the trial court's discretionary province; and the court's action (except it be arbitrary) in the furtherance of such objectives will not be disturbed.

■ It may be, if the cause is tried, that plaintiff's evidence will conclusively show that he was guilty of contributory negligence. If so, plaintiff could not recover (although the defendant may not have

affirmatively pleaded contributory negligence). See Keeter v. Devoe & Raynolds, 338 Mo. 978, 93 S. W. 2d 677, and cases therein examined. On the other hand, it would not be held, regardless of whatever other circumstances were shown in evidence, that a plaintiff was guilty of contributory negligence merely because he failed to see that an elevator car was not at the floor level. Unrein v. Oklahoma Hide Co., 295 Mo. 353, 244 S. W. 924; 9 R. C. L., Elevators, sec. 23, p. 1257. If defendant is of the opinion plaintiff was contributorily negligent under such circumstances as may be shown in evidence and wishes to surely avail of the defense, defendant should set forth the defense affirmatively. Civil Code of Missouri, supra, Section 40.

The order granting the new trial should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.