RALPH PAGE, Appellant, v. JOPLIN NATIONAL BANK AND TRUST COMPANY, a Corporation; and RAY M. HULL, Co-Executors Under the Last Will of ALBERT GREGORY HULL, Deceased; and RAY M. HULL, Respondents, No. 43204—255 S. W. (2d) 821.

Division One, March 9, 1953.

*Forrest Boecker* and *Walter Wehrle* for appellant.

1010

*Norman, Foulke & Warten* for respondents.

HYDE, P. J.—Plaintiff sued for $150,000.00 alleged to be the value of certain real estate which he claimed Albert Gregory Hull

(now deceased) had agreed to devise to him. The Court sustained defendants' motion to dismiss on the ground of failure to state a claim upon which relief could be granted and plaintiff has appealed.

Plaintiff's petition stated that he "became ill with silicosis incurred as the result of the hazards of his employment with deceased" and that decedent induced him to occupy certain described land "in recognition of his right to make a claim." The petition contained the following further allegations:

"3. Plaintiff further states that the said late Albert Gregory Hull thereupon in the year 1941 orally promised plaintiff that if the latter would forego any claim on account of said industrial disease and would live on the above described real estate and continue in the employment of the said Albert Gregory Hull and would make certain valuable and permanent improvements on said real estate, that said Albert Gregory Hull would, upon his death, bequeath the above described real estate to plaintiff. This promise was orally ratified and renewed in 1944 and on various dates in succeeding years.

"4. Plaintiff further states that he complied with all the terms and conditions of said promise. That said Albert Gregory Hull died in control of and with full power to dispose of said real estate through decedent's ownership and control of a personal holding company, Rialto Mining Corporation, a corporation, which was the nominal owner of said real estate. Plaintiff was in continuous possession, in reliance on said promises of Albert Gregory Hull, from the year 1941 up to and after the date of the death of said Albert Gregory Hull.

"5. Plaintiff further states that in violation of said promise said Albert Gregory [823] Hull on December 29, 1948, executed a will in which he left his entire estate, one-half to defendant, Ray M. Hull and the residue to Elizabeth Hull, with the option in said Ray M. Hull to select parcels of her choice from among the assets of said Rialto Mining Corporation as her share of the estate. That the said Albert Gregory Hull died thereafter and said will was duly admitted to probate in Jasper County. Thereafter on June 16, 1950, pursuant to the exercise of the option granted to Ray M. Hull, Rialto Mining Corporation conveyed the above described property to defendant, Ray M. Hull.

"6. Plaintiff further states that by virtue of the foregoing facts, the late Albert Gregory Hull, during his lifetime, held said real estate as trustee for plaintiff; and after his death, the defendants, Joplin National Bank and Trust Company and Ray M. Hull, as co-executors under the last will of Albert Gregory Hull, likewise held said property as trustee for plaintiff; thereafter the defendant, Ray M. Hull as legatee and distributee of said property held the same as trustee for plaintiff.

"7. Plaintiff further states that subsequent to her acquisition of the property as aforesaid, defendant Ray M. Hull has conveyed same

to parties unknown to plaintiff on a date or dates unknown to plaintiff and in so doing, has violated her trust to plaintiff and has converted said real property to her own use; by reason of which defendant is liable to plaintiff for the reasonable value of said property at the time of said conversion, to-wit: the sum of One Hundred and Fifty Thousand Dollars ($150,000.00).''

Plaintiff's petition prayed judgment for $150,000.00 against all defendants and appears to be on the theory of an action at law for damages. Plaintiff now recognizing that he is not entitled to recover damages at law for failure to devise to him, (because of the Statute of Frauds, see Pomeroy's Specific Performance of Contracts, Sec. 96), asks that the prayer be rejected as surplusage, citing Saline County v. Sappington, 64 Mo. 72. If the facts stated in the petition, with every reasonable and fair intendment, are sufficient to invoke the application of principles of substantive law which would entitle plaintiff to relief, his petition should not be dismissed for failure to state a claim upon which relief can be granted. (Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S. W. (2d) 25.) Plaintiff contends the facts stated show that he was entitled to enforce the oral promise to devise the land to him because he had changed his legal position and made valuable improvements in reliance thereon; and that this promise is enforceable against the executors and devisee of the promisor, citing Dougherty v. Harsel, 91 Mo. 161, 3 S. W. 583; Johnson v. Jameson, Mo. Sup., 209 S. W. 919; Sportsman v. Halstead, 347 Mo. 286, 147 S. W. (2d) 447. However, plaintiff has not brought such an action but, on the contrary, states facts showing that defendants do not have ownership or control of the land so such specific enforcement would now be impossible and also showing that plaintiff knew it was impossible. (See Pomeroy's Specific Performance of Contracts, Sec. 475; For Missouri cases see Bobst v. Sons, Mo. Sup., 252 S. W. (2d) 303, l. c. 306.) Plaintiff's theory now urged is constructive trust (citing 54 Am. Jur. 196, Sec. 254) on the assumption that Albert G. Hull deceased, held the property in trust for him and that defendant Ray M. Hull, as transferee of the trust property, (not being a bona fide purchaser for value) held it as a constructive trustee for him and was personally liable to him as a converter of the trust property. (See also Cross v. Cross, 362 Mo. 1098, 246 S. W. (2d) 801; Restatement of Restitution, Sec. 160, comment g.)

Plaintiff's authorities are not in point on the situation alleged herein. Dougherty v. Harsell was not a constructive trust case. It held that a father's creditor could not reach land, which the father (before the debt was contracted) promised to convey to his son when certain improvements were made. The Court said that the acts of the son took the oral promise out of the operation of the statute of frauds and entitled him to specific performance, so that his right was superior to that of his father's creditor. Sportsman v. Halstead was for

specific performance, against the administrator and heirs of P. B. Smith, of **[824]** an oral contract to leave to. plaintiffs whatever property Smith might own at his death in consideration for their care as long as he might live. It likewise was not a constructive trust case. In Johnson v. Jameson, it was claimed that prior to a foreclosure sale, the mortgagee bought the land under an agreement with the mortgagor to reconvey to him for a certain amount. This action was on the theory of a constructive trust, arising during the lifetime of the mortgagee, which was enforceable against his heirs by requiring transfer of the land. However, there was a failure of proof.

Defendants contend that there can be no constructive trust in this case because there is no allegation that Albert G. Hull, deceased, ever held title to the land, citing Restatement of Restitution, Sec. 160, Comment i, which says: "A constructive trust does not arise unless there is property on which the constructive trust can be fastened, and such property is held by the person to be charged as constructive trustee." However, for the purpose of ruling the principal questions involved, we will consider that the allegations of paragraphs 4 and 5 of the petition are sufficient to show that Albert G. Hull had equitable title to the land. "An equitable interest, if transferable, can be held in trust", Restatement of Trusts, Sec. 83. These allegations may be construed as meaning that Albert G. Hull did transfer an interest in the land by will sufficient to permit defendant Ray M. Hull to get title. Nevertheless, plaintiff's theory, that defendant Ray M. Hull took title to property held in trust by Albert G. Hull (which is the situation covered by his citation of 54 Am. Jur. 196, Sec. 254), is incorrect because Albert G. Hull was at most under a contractual duty to convey the land to him and did not hold in trust for him, constructive or otherwise. "An agreement to devise land is in the nature of a contract for the sale thereof." (49 Am. Jur. 817, Sec. 518, see also p. 539, Sec. 215.)

The Restatement of Restitution, Sec. 160, Comment c, points out that although a person who has made an enforceable contract to sell land is under an equitable duty to convey to the purchaser, since such a contract is specifically enforceable, nevertheless this is not a relationship included in the term "constructive trust." The ground of specific enforcement is on contract and not on unjust enrichment. "When a person holds the title to property which he is under an obligation to convey to another, and when that obligation *does not arise merely because he has voluntarily assumed it,* he is said to hold the property in constructive trust." (Scott on Trusts, Sec. 462, Vol. 3, p. 2315.) In a constructive trust "*the beneficial interest in the property is* from the beginning *in the person who has been wronged.* The constructive trust arises from the situation in which he is *entitled to the remedy of restitution,* and it arises as soon as that situation is created." (Scott on Trusts, Sec. 462.4, Vol. 3, p. 2320.) (All italics

ours.) A party to a contract has no beneficial interest in the property which is the subject of the contract. (See Beach v. Beach, Mo. Sup., 207 S. W. (2d) 481, l.c. 486.)

Even where the statute of frauds bars legal action, but where there is part performance, "the theory upon which equity proceeds in administering its specific remedy in such cases is, that the defendant having permitted the plaintiff to treat the agreement as binding, and to do positive acts based on such assumption, it would be a fraud in him to repudiate his undertaking, and to set up the statute." (Pomeroy's Specific Performance of Contracts, Sec. 30, see also Sec's. 96-99.) Thus when there is a right to specific performance, in part performance cases, it is the contractual right which is enforced and not the relationship of constructive trust. In effect, the party who permitted such performance is estopped from asserting invalidity of the contract. As the above authorities show, this remedy of specific performance of the contract is available against heirs who take the deceased owner's land and still have it, but plaintiff herein sought no such relief and states no reason why he could not have brought a timely action for that purpose. Instead the facts alleged point toward lack of diligence on his part. Certainly no constructive trust, and no right to the remedy [825] of restitution, arose during the lifetime of Albert G. Hull. In fact (a will being revocable) his contract with plaintiff was not actually violated until he died without leaving the land to him. Therefore, it is clear that his heirs or devisees did not take this land as property held in trust by him.

■ Furthermore, as defendants point out, there is no allegation in the petition that defendant Ray M. Hull had any knowledge of the contract with plaintiff or that plaintiff ever made a claim of any right under it until after Ray M. Hull had conveyed her interest in the land. (See Little v. Mettee, 338 Mo. 1223, 93 S. W. (2d) 1000.) The rule which applies even to innocent donees of trust property is thus stated: "Where a person acquires the title to property without notice that another has the equitable ownership of the property, but does not pay value, so that he is not in the position of a bona fide purchaser, he holds the property upon a constructive trust for the equitable owner. This is the situation where an express trustee or constructive trustee of property transfers it to an innocent donee, or where property is gratuitously transferred by mistake, or where it is transferred in fraud of creditors of the transferor. The innocent donee who has acquired title to the property *is not a converter of the property*. He is liable only to the extent to which he is unjustly enriched at the time when he acquires notice of the equitable ownership of the other person. If, before he receives such notice, he gives away the property and receives nothing in exchange, he is under no further liability. If he exchanges it for other property which he surrenders to the equitable claimant, he is not enriched and should be under no further

liability, even though the value of the product is less than that which he originally received.'' (Scott on Trusts, Sec. 510, Vol. 3, p. 2449.) Certainly the liability of an innocent donee of land, as to which another might have the right to specific performance of a contract to convey or devise, is not greater than the liability of an innocent donee of trust property. Thus plaintiff's theory of conversion cannot be sustained; and there being no allegation herein that Ray M. Hull received anything for the land, there is no basis stated for any liability to plaintiff. There would likewise be no basis for liability of Hull's executors, whose only interest in the land would be to subject it to debts of the testator.

We note the allegation that plaintiff made valuable improvements on the land but that does not establish a constructive trust, even if he was fraudulently induced to do so. The rule is as follows: ''Where the owner of land by fraud induces another to make expenditures in improving the land, the defrauded person is entitled not merely to recover the amount of the expenditures but also to enforce an equitable lien upon the land as security for his claim. * * * Although the defrauded person is entitled to enforce an equitable lien upon the property, he is not entitled to enforce a constructive trust. He does not become, in whole or in part, a beneficial owner of the property, although he is entitled to reimbursement out of the property.'' (Scott on Trusts, Sec. 472, Vol. 3, p. 2344.) Since the facts alleged in the petition show that defendants no longer have ownership or control of the land, no basis for imposing an equitable lien thereon is stated against them. Furthermore, the petition states no such claim because it does not state the amount of any expenditures for that purpose or seek to establish any such claim against the estate of Albert G. Hull, deceased, but seeks instead to recover the entire value of the land. Of course, making improvements was part of the part performance which could take the contract out of the statute of frauds and might have given plaintiff the equitable right to have had specific performance. However, as we have shown, this would not have given him any right at law to damages against the estate for failure to perform the agreement.

The judgment is affirmed. All concur.