## SLICER

v.

## W. J. MENEFEE CONST. CO.

### No. 44079.

Supreme Court of Missouri.

Division No. 1.

July 12, 1954.

Motion for Rehearing or to Transfer
to Court en Banc Denied
Sept. 13, 1954.

John Hosmer, Marshfield, Donnelly & Donnelly, Lebanon, for appellant.

Walker & Daniel, B. H. Clampett, Springfield, for defendant.

COIL, Commissioner.

Plaintiff-appellant brought an action for the wrongful death of his wife who was killed while crossing new U.S. Highway 66 at a place in front of her residence in Webster County. She was struck by an automobile owned by O. E. McCracken and operated by his agent, Paul Dees. Plaintiff's first amended petition made McCracken, Dees, and the W. J. Menefee Construction Company, a corporation, defendants. McCracken and Dees were charged with excessive speed, failure to warn, failure to keep a forward and lateral lookout, and failure to stop, slacken, or turn after plaintiff was in a position of imminent peril. Plaintiff dismissed without prejudice as to McCracken and Dees.

The trial court thereafter sustained defendant-respondent Menefee's motion to dismiss on the ground that the first amended petition did not state a claim on which relief could be granted against Menefee. Plaintiff has appealed from the final judgment of dismissal.

The averments of the first amended petition as to Menefee were these: "Plaintiff further says that defendant W. J. Menefee Construction Company, is a corporation authorized to do business in the State of Missouri, and, as such, is now, and was at all times herein mentioned, constructing new U. S. Highway 66 mentioned aforesaid in the County of Webster and in the County of Laclede; that defendant W. J.

Menefee Construction Company, a corporation, was constructing new U. S. Highway 66 in the County of Webster, at a point approximately two miles East of the Webster-Greene County line where the aforesaid Fannie Slicer was struck and received injuries from which she died as aforesaid, and that said W. J. Menefee Construction Company, a corporation, was in complete control of said highway and travel upon said highway and construction of said highway. * * *

"That defendant, W. J. Menefee Construction Company, a corporation, failed and neglected to erect proper barricades, lights, warning signs and signals on said new U. S. Highway 66 and approaches thereto, to warn and prevent the general public from traveling upon and over said new U. S. Highway 66.

"That said new U. S. Highway 66 was at the time and place mentioned in this petition a roadway used by the general public for travel between Springfield, Missouri and Lebanon, Missouri, and that defendant W. J. Menefee Construction Company, a corporation, knew or should have known that the general public was using said new U. S. Highway 66 as a roadway for travel between Springfield, Missouri and Lebanon, Missouri, and that said defendant W. J. Menefee Construction Company, a corporation, although it had full knowledge of said public travel, permitted and acquiesced in said travel despite the fact that construction of said roadway was not finished and that said roadway was not fit and sufficiently completed for travel upon it by the general public.

"That defendant, W. J. Menefee Construction Company, a corporation, knew or should have known that new U. S. Highway 66 cut through the land of contiguous land owners along said roadway, and that it, at the place mentioned in this petition, separated the home of plaintiff and his wife, injured aforesaid, from old U. S. Highway 66 which plaintiff and his wife, injured aforesaid, used and traveled; that defendant W. J. Menefee Construction Company, a corporation, failed to provide

plaintiff and his wife, injured aforesaid, with a means of egress and ingress between their home and old U. S. Highway 66, and failed to provide a means of egress and ingress for other contiguous land owners along said roadway; that Fannie Slicer, plaintiff's wife at the time and place mentioned in this petition, because no means of ingress or egress had been provided her by defendant W. J. Menefee Construction Company, a corporation, was crossing new U. S. Highway 66 on foot and was then and there struck on said highway; that defendant W. J. Menefee Construction Company, a corporation, knew or should have known that the said Fannie Slicer had no other means available to her of getting to and from her home than by crossing new U. S. Highway 66; that the failure of defendant, W. J. Menefee Construction Company, a corporation, to provide safe means of egress and ingress as aforesaid, directly and proximately caused the injuries to said Fannie Slicer and death resulting therefrom."

The foregoing averments may be thus summarized: that Menefee, a contractor, was engaged in constructing new U. S. Highway 66 and was thereby in complete control of such highway and of the travel thereon; that Menefee failed to prevent, but on the contrary permitted, the general public to travel the highway when it was "not fit and sufficiently completed for travel upon it by the general public"; that Menefee knew that such highway was contiguous to deceased's home property and separated that property from old U. S. Highway 66 which was being used by deceased, and knew that the only way deceased could reach old U. S. 66 was by crossing new U. S. 66; that despite such knowledge, Menefee failed to provide deceased a safe means of passage between her residence and old U. S. 66; and that such failure caused her to attempt to walk across new 66 and to be struck and to sustain injuries resulting in her death.

"In determining if a petition states a claim or cause of action, the averments of the petition are to be given a liberal con-

struction, according the averments their reasonable and fair intendment—fair implication should be indulged from the facts stated. So considered, a petition should be held sufficient if its averments invoke substantive principles of law which entitle plaintiff to relief. A petition is not to be held insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact. Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo.Sup., 246 S.W.2d 742; Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W.2d 25; Stephens v. Kansas City Gas Co., 354 Mo. 835, 191 S.W.2d 601; Section 509.250, RSMo 1949, V.A.M.S." Zuber v. Clarkson Construction Co., 363 Mo. 352, 355[1], 251 S.W.2d 52, 54[1].

The instant petition, so considered, does not contain averments which invoke substantive principles of law which entitle plaintiff to relief. The trial court, therefore, correctly entered the judgment of dismissal.

"One applicable general rule of law is that there must be a duty raised by the law and breached by defendant before an action for negligence lies." Kelly v. Benas, 217 Mo. 1, 9, 116 S.W. 557, 559, 20 L.R.A.,N.S., 903. The fatal defect inherent in the instant petition and affirmatively disclosed by its averments is that no facts are stated from which it reasonably could be found that there was a breach of any duty which the Menefee Construction Company owed to deceased.

Plaintiff's contention that the petition states a claim upon which relief may be granted is summarized in his brief as follows: "Respondent breached its duty to Fannie Slicer to exercise ordinary care for her safety by failing to erect sufficient barricades and warnings to prevent the general public, including the automobile which struck and killed Fannie Slicer, from traveling upon said highway then under construction and then in the exclusive control of respondent, and by allowing, permitting, and acquiescing in such public

travel and such travel by the automobile which struck her."

It is true, as plaintiff contends, that the contractor owed deceased the same general duty he owed to all persons, viz., to exercise ordinary care, in the prosecution of the work of constructing the highway, not to injure her. But the difficulty with plaintiff's position is that there are no facts or circumstances alleged from which it reasonably could be found that there was a breach of that generally-owed duty by Menefee. The fact, alone, that Menefee permitted the general public to travel upon the highway when it was not fit for travel by the general public, does not justify the conclusion as a matter of law or would not support a finding by a jury that the defendant-contractor had thereby committed a breach of his duty to exercise ordinary care, in its work of constructing the highway not to injure deceased. The petition does not aver that any defect in the roadway, any obstruction upon the roadway, or any affirmative act of the contractor in the actual construction of the highway, had any connection with or relation to deceased's fatal injury. And the petition does not allege that deceased had knowledge, actual or constructive, that, or that there was any representation that, the contractor intended to, or was obligated to, or would prevent vehicles from using the highway for any particular period of time or until the highway had been placed in any particular condition of fitness for travel, and that deceased relied upon that knowledge or representation and thereby reasonably anticipated the total absence of vehicular traffic upon the highway at the time she was struck. On the contrary, the averments of the petition negative any such implication. This, because it is affirmatively alleged that the highway was in fact being used by the general public for travel between Springfield and Lebanon. The only reasonable inference that may be drawn is that deceased also had knowledge of such travel. And the petition does not aver that Menefee had any obligation imposed by contract, statute or ordinance to prevent public travel on the highway at the time deceased was struck.

Thus, as between defendant-contractor and deceased in her position as a resident upon property contiguous to the new highway, the fact that defendant-contractor permitted public travel upon the unfinished and unfit-for-public-travel highway would not amount to a breach of any duty owed by defendant-contractor to deceased. Whatever duty defendant-contractor may have owed to the traveling public to prevent its premature use of the highway was not, under the facts alleged, a duty owed to deceased in her position, not as a member of the vehicularly-traveling public, but as an occupant of residence property contiguous to the new Highway 66.

Nor are there facts stated in the petition from which it may be said or from which a jury reasonably could find that there was a duty on the contractor to assure deceased safe ingress and egress between her residence and old Highway 66. The averments of the petition relating to ingress and egress are, in reality, a charge that the contractor owed deceased the duty to assure her safe conduct across new Highway 66 because it (the contractor) knew or should have known that deceased could not reach old Highway 66 without crossing new Highway 66.

Now, of course, we may take judicial notice of the fact that the defendant-contractor was not responsible for the location of the new highway. Thus, defendant Menefee could not owe deceased a duty to assure her safe conduct across the new highway merely because it knew that the new highway was contiguous to her property and knew that she would have to cross the new highway for various reasons, including that of reaching old Highway 66. At least, this must be true in the absence of any averment that defendant Menefee had contracted to, or was otherwise obligated to, provide an overpass or an underpass over or under the new highway, or provide stop signs, gates, or watchmen for the use and benefit of the residents upon prop-

erties contiguous to the new highway until its completion.

Our conclusion is that, as a matter of law, the facts stated in the petition fail to show a breach by Menefee of any legal duty owed to deceased.

In view of our above holding, we do not reach the question of proximate cause briefed by the parties.

Judgment affirmed.

VAN OSDOL and LOZIER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.